IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| HENRY DAVIS, | § | |
| Reg. No. 36227-044, | § | |
|     Movant, | § | |
| | § | EP-13-CV-342-KC |
| v. | § | EP-09-CR-2453-KC-4 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

**ORDER
DENYING MOTION FOR DISCOVERY**

In a pro se motion (ECF No. 379),[1] Movant Henry Davis ("Davis"), a prisoner at the United States Penitentiary in Marion, Illinois, asks the Court to authorize him to conduct discovery in his effort to obtain collateral relief from his conviction and 151-month sentence for conspiracy to possess with the intent to distribute five kilograms or more of cocaine. Davis asserts he requires six surveillance video discs which recorded conversations made on November 23, 24, and 25, 2008, regarding the delivery of cocaine to Missouri.[2] Davis maintains the discs will support his claim that his attorney did not investigate the claims against him or develop exculpatory evidence in his criminal case.[3] Davis contends "counsel[ ] knew of the tapes . . . but did nothing in assisting the petitioner with viewing this evidence, or viewing it [himself] in the preparation of the [Davis's] defense."[4]

---

[1] "ECF No." in this context refers to the Electronic Case Filing number for documents docketed in EP-09-CR-2453-KC-4.

[2] Mot. for Discovery 2–3, June 23, 2014, ECF No. 379.

[3] *Id.*

[4] *Id.* at 3.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."[5] Parties must obtain leave of the Court to conduct discovery in proceedings pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings.[6] Furthermore, a court may authorize discovery in a § 2255 proceeding only upon a showing of good cause.[7] Interpreting a similar rule governing proceedings under 28 U.S.C. § 2254, the Fifth Circuit has held that "[g]ood cause may be found when a petition for a writ of habeas corpus 'establishes a *prima facie* claim for relief.'"[8] Before authorizing discovery, the Court must first conclude that the specific allegations in the motion " 'show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.' "[9] In that regard, a movant's factual allegations "must be specific, as opposed to merely speculative or conclusory, to justify discovery."[10] "Simply put, Rule 6 does not authorize fishing expeditions."[11]

Davis seeks six surveillance video discs. Davis's attorney claims his "files reflect that

---

[5] *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).

[6] *See* 28 U.S.C. foll. § 2255 R. 6(a) (stating that leave of Court is required before parties in a § 2255 proceeding may engage in discovery).

[7] *Id.*

[8] *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000) (quoting *Harris v. Nelson*, 394 U.S. 286, 290 (1969)); *see also Hill v. Johnson*, 210 F.3d 481, 487 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001).

[9] *Murphy*, 205 F.3d at 814 (quoting *Gibbs v. Johnson*, 154 F.3d 253, 258 (5th Cir. 1998)).

[10] *Id.*

[11] *Id.*; *see also Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994).

[he] did review all of the evidence disclosed by the government in detail."[12] Thus, while Davis may disagree with his counsel's analysis of the contents of the discs, he has not shown good cause for him to personally review them. Accordingly, after due consideration, Davis's motion for discovery (ECF No. 379) is **DENIED**.

**SIGNED** this 26th day of June 2014.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

---

[12] Gov't's Resp. to Mot. to Vacate, Ex. A (Aff. of Thomas L. Wright, Dec. 11, 2013), Feb. 3, 2014, ECF No. 356-1.