IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| HENRY DAVIS, | § | |
| Fed. Reg. No. 36227-044 , | § | |
|     Movant, | § | EP-13-CV-342-KC |
| | § | EP-09-CR-2453-KC-4 |
| v. | § | |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

## ORDER DENYING THIRD MOTION TO AMEND

In a third pro se motion under Federal Rule of Civil Procedure 15(b) (ECF No. 389),[1] Movant Henry Davis, a prisoner at the Satellite Prison Camp in Marion, Illinois, asks the Court for leave to amend his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence. For the reasons outlined below, the Court will deny his motion.

In his original § 2255 motion, Davis asserted that his trial counsel provided constitutionally ineffective assistance when he failed to (1) investigate any aspect of the prosecution's case against him, (2) preform a pretrial investigation and develop exculpatory evidence, (3) object to the Court's improper jury instruction regarding venue, (4) espouse a claim that Davis's right to a speedy trial had been violated, or (5) impeach the Government's witnesses. In addition, Davis claimed that his appellate counsel provided constitutionally ineffective assistance when he failed to (1) argue the Government did not establish a chain of custody and could not account for five kilograms of missing cocaine, (2) assert Davis was not afforded the opportunity to confront the witnesses against him, or (3) object to the Government's improper arguments during oral argument.

---

[1] "ECF No." in this context refers to the Electronic Case Filing number for documents docketed in EP-09-CR-2453-KC-4.

In his third proposed amendment to his § 2255 motion, Davis seeks leave of the Court to add a claim that his trial counsel provided ineffective assistance when he failed to "investigat[e] the venue instruction in order to know that it relieved the government of its burden of proving each and every element of the crime in order to know that it violated Petitioner['s] due Process."[2] He also seeks leave to add a claim that his appellate counsel provided ineffective assistance when he failed to "investigate the District Court Jury instructions in order to know to argue on appeal during oral argument that Petitioner['s] conspiracy conviction should have been reversed for the very same reason Petitioner['s] attempt conviction was reversed."[3]

A § 2255 motion to vacate, set aside, or correct a sentence is subject to a one-year limitations period.[4] According to § 2255(f), a federal prisoner must file his motion within one year from the date on which (1) the judgment became final, (2) the government-created impediment to filing the motion was removed, (3) the United States Supreme Court initially recognized, and made retroactively applicable to cases on collateral review, the legal predicate for the motion, or (4) the petitioner could have discovered, through due diligence, the factual predicate for the motion.[5]

Here, the one year limitations period runs from the date Davis's conviction was final.[6] This is because Davis has not (1) alleged that he was in any way impeded by Government action from filing a timely § 2255 motion,[7] (2) asserted a claim based on a right newly recognized by

---

[2] Mot. to Amend 2, ECF No. 389, July 7, 2014.

[3] *Id.* at 4.

[4] 28 U.S.C. § 2255(f) (2006).

[5] *Id.*; *United States v. Brown*, 305 F.3d 304, 306–07 (5th Cir. 2002).

[6] 28 U.S.C. § 2255(f)(1).

[7] *Id.* § 2255(f)(2).

the Supreme Court that has been made retroactively applicable to cases on collateral review,[8] or (3) shown that the facts underlying his claims could not have been discovered through the exercise of due diligence by the time her conviction was final.[9]

Davis's conviction became final on November 26, 2012, the day the United States Supreme Court denied his petition for a writ of certiorari.[10] Accordingly, Davis's time period for filing a § 2255 motion expired on November 25, 2013. Davis constructively filed his instant motion on July 2, 2014, the day he signed and presumably placed his motion in the prison mail system.[11] Thus, it is untimely unless his claims relate back to his original claims or equitable tolling applies.

The "relation back" doctrine in Federal Rule of Civil Procedure 15(c) applies to federal habeas corpus proceedings.[12] However, the doctrine is strictly construed.[13] "An amended habeas petition . . . does not relate back (and thereby escape . . . one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original

---

[8] *Id.* § 2255(f)(3)

[9] *Id.* § 2255(f)(4).

[10] *Davis v. United States*, 133 S.Ct. 673 (2012). *See Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) ("By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied."); *United States v. Johnson*, 457 U.S. 537, 542 n. 8 (1982) (noting that a conviction is final when the availability of further appeal is exhausted).

[11] A *pro-se* prisoner's habeas-corpus petition is constructively filed when the prisoner signs and presumably delivers the papers to prison authorities for mailing to the district court. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998)).

[12] *Mayle v. Felix*, 545 U.S. 644, 654–656 (2005).

[13] *United States v. Ciampi*, 419 F.3d 20, 23–24 (1st Cir. 2005).

pleading set forth."[14]  Here, Davis's first claim in his instant motion—that his trial counsel failed to investigate the venue instruction—arguably relates back to his third claim in his original motion—that his trial counsel failed to object to the Court's improper jury instruction regarding venue.  However, Davis's second claim—that his appellate counsel failed to investigate the Court's instructions in order to know to argue on appeal that the Fifth Circuit Court of Appeals should reverse his conspiracy conviction—differs from his original claims and does not relate back to his original, timely claims.

Equitable tolling is not available for "'garden variety claims of excusable neglect.'"[15]  It is justified only "in rare and exceptional circumstances."[16]  Such circumstances include situations in which a movant is actively misled by the respondent "'or is prevented in some extraordinary way from asserting his rights.'"[17]  Davis clearly had an adequate opportunity to prepare and file a timely motion prior to the expiration of the one-year limitations period.  Davis offers no explanation for his delay in filing the amendments to his § 2255 motion.  "[E]quity is not intended for those who sleep on their rights."[18]  Davis is not entitled to equitable tolling.

Moreover, in his direct appeal, the Fifth Circuit rejected Davis's argument that "venue was improper [in the Western District of Texas] because the government failed to show that [he] had any contact with . . . El Paso."[19]  It explained "'[v]enue can be based on evidence of any

---

[14] *Mayle*, 545 U.S. at 650.

[15] *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

[16] *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).

[17] *Id*. (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)).

[18] *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989).

[19] *United States v. Thomas*, 690 F.3d 358, 368 (5th Cir. 2012).

single act that initiated, perpetuated, or completed the crime, and circumstantial evidence suffices to establish venue.'"[20]  After reviewing the record, the Fifth Circuit determined the evidence in this case was "sufficient to support an inference that . . . Davis entered into an agreement . . . in El Paso."[21]

A court may dismiss, without reconsideration of the merits, claims that have been raised and considered on direct appeal unless immediate disposal of the issue would be a disservice to the ends of justice.[22]  Here, it is undisputed that Davis had a full and fair opportunity to litigate his venue claim on direct appeal.

Accordingly, after due consideration, the Court finds that immediate disposal of Davis's claims—which are either time or procedurally barred—is appropriate.  The Court, therefore, **DENIES** Davis's third motion for leave to amend his § 2255 motion pursuant to Federal Rule of Civil Procedure 15(b) (ECF No 389).

**SO ORDERED**.

**SIGNED** this 10th day of July 2014.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

---

[20] *Id*. at 369 (quoting *United States v. Garcia Mendoza*, 587 F.3d 682, 686 (5th Cir. 2009)).

[21] *Id.*

[22] *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).